# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* JOSEPH W. BROOKS III TRUST NUMBER
ONE.

---

CHARLES FRANKLIN WALKER,

       Petitioner-Appellant,

v

JOSEPH W. BROOKS III TRUSTEE,

       Respondent-Appellee.

UNPUBLISHED
October 23, 2014

No. 314619
Ingham Probate Court
LC No. 10-001791-TV

---

Before: HOEKSTRA, P.J., and SAWYER and GLEICHER, JJ.

GLEICHER, J. (*concurring*).

I concur with the result reached by the majority. I write separately to offer another reason for reversing the probate court.

Respondent Joseph W. Brooks III admits that the Joseph W. Brooks III Trust Number One was created as an estate planning device intended to avoid payment of certain federal estate taxes. Respondent's brief on appeal states: "The purpose of the Bypass Trust was to utilize and preserve Appellee's federal estate tax exemption amount for the benefit of his surviving spouse."

The Trust provision limiting expenditures during Edwina's lifetime for her "health, support or maintenance" stems from federal tax law and must be interpreted in that context. In a discretionary trust such as this one, the Internal Revenue Code (IRC) permits invasion of the trust corpus only if limited by "an ascertainable standard relating to the health, education, support, or maintenance" of the decedent. 26 USC 2041(b)(1)(A). The corresponding federal regulation provides:

> *Powers limited by an ascertainable standard.* A power to consume, invade, or appropriate income or corpus, or both, for the benefit of the decedent which is limited by an ascertainable standard relating to the health, education, support, or maintenance of the decedent is, by reason of [26 USC 2041(b)(1)(A),] not a general power of appointment. A power is limited by such a standard if the extent of the holder's duty to exercise and not to exercise the power is reasonably

-1-

measurable in terms of his needs for health, education, or support (or any combination of them). As used in this subparagraph, the words "support" and "maintenance" are synonymous and their meaning is not limited to the bare necessities of life. *A power to use property for the comfort, welfare, or happiness of the holder of the power is not limited by the requisite standard.* Examples of powers which are limited by the requisite standard are powers exercisable for the holder's "support," "support in reasonable comfort," "maintenance in health and reasonable comfort," "support in his accustomed manner of living," "education, including college and professional education," "health," and "medical, dental, hospital and nursing expenses and expenses of invalidism." In determining whether a power is limited by an ascertainable standard, it is immaterial whether the beneficiary is required to exhaust his other income before the power can be exercised. [26 CFR 20.2041-1(c)(2) (emphasis added).]

Respondent's power to make distributions was limited by the language of the trust and the underlying tax law requirement of the "ascertainable standard." The trust's drafters recognized that to accomplish the estate planning goal of sheltering income from federal taxation, the trust had to establish an "ascertainable standard" for the principal distributions. Respondent was not at liberty to permit expenditures that potentially ran afoul of this carefully crafted language and, thereby, the IRC. See *Hemphill v Shore*, 295 Kan 1110, 119-1121; 289 P3d 1173 (2012) (collecting cases); *Forsee v United States*, 76 F Supp 2d 1135 (D Kansas, 1999). His failure to abide by the trust provisions constituted a breach of his fiduciary duty.


/s/ Elizabeth L. Gleicher